UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHRISTINA TUEROS and HERMEL LOPEZ, :
:
                      Plaintiff, :
: 21-cv-4525 (JMF)
-against- :
: **DECLARATION OF**
URBAN HEALTH PLAN, INC. : **JEANETTE MELENDEZ**
:
                      Defendants. :
------------------------------------------------------------ X

      I, JEANETTE MELENDEZ, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

      1.     I am employed by Urban Health Plan as Associate Vice President for Health Center Operations. I have worked for Urban for approximately nineteen years. I supervise a staff of approximately 30 employees based out of two Urban locations, Bella Vista Community Health Center and Bella Vista Health Center. About 20 of these employees are hourly, non-exempt employees.

      2.     I am responsible for approving payroll of the staff under my supervision. I am also responsible for ensuring my staff is oriented to Urban's timekeeping system and processes. All employees undergo an orientation period where they are trained across the board on Urban's policies and procedures, which encompasses an initial period of orientation and an additional period of orientation 30 days out. Within that process, we speak to new hires about time and pay issues, how to use the Paylocity timekeeping system, as well as Urban's expectations as to how employees must account for their time.

      3.     During this process, employees receive a comprehensive explanation of Urban's policies regarding use of sick, vacation and personal time, the importance of using the time clock

1

for all required punches, and how to account for working time outside the employee's normally scheduled hours. In particular, employees are directed to utilize the Employee Comments function within Paylocity to document for approval of (1) any departures from the employee's scheduled hours of work or (2) any missed punches. And we also remind employees about the importance of punching in and out for lunch.

4. Additionally, for many years, I have done an annual refresher orientation with my staff as a sort of clean slate reminder of these expectations.

5. All associates have a set schedule in my department. If employees are going to call out, we ask employees to give at least two hours' notice, if possible. If employees are running late, we tell them to contact their supervisors' immediately. We do experience lateness frequently in the department, though my staff is generally compliant with our notice requirements.

6. In my department, we program employees' scheduled start and stop times into Paylocity but not their lunch times. This means an employee in my department may punch out for lunch at any time without documenting an explanation, whereas an explanation would be required for any deviation from the employee's scheduled start times and stop times. And as part of my payroll approval process, we would then take the employee's explanation and revise the programmed schedule to reflect the change so the employee is paid their full wages. Similarly, in the case of a missed punch, upon receipt of an explanation from the employee, we would enter a punch to reflect the employee's stated time in place of the missing punch.

7. I have never requested any staff member to do work before they punch in or after they punch out. I have never experienced any staff member ever claiming that they had performed work before they punch in out after they punched out. In other words, I have never

2

asked an employee to work off the clock and I have no knowledge of any employee in my department ever having done so.

8. I have read the foregoing seven paragraphs and I believe them to be true. I understand I am subject to perjury if anything herein is willfully false.

Dated: New York, New York
February 4, 2022

_____
Jeanette Melendez