UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CHRISTINA TUEROS and HERMEL LOPEZ,   :
:
                           Plaintiffs,   :   21-cv-04525 (JMF)
:
     -against-   :
:
URBAN HEALTH PLAN, INC.,   :
:
                           Defendant.   :
------------------------------------------------------------- x

**DEFENDANT'S SUR-REPLY
MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
CONDITIONAL FLSA CERTIFICATION**

CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendant
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410

i

## ARGUMENT

Plaintiffs' sur-reply raises no new facts or issues beyond those raised in the motion papers. For all of the reasons set forth in Defendants' opposition papers, the motion should be denied.

As a procedural matter, after Defendant submitted its opposition to this motion, Plaintiffs objected to Defendant's offered declarations.  (See Dkt. No. 47).  In consideration of Plaintiffs' objections and the Court's guidance, Defendant conceded the issue only as those declarations from persons in the putative class and withdrew those declarations.  (See Dkt. No. 55).  As to its managers, Defendant reaffirmed its submission of the declarations and offered Plaintiffs the opportunity to depose the declarants.  (See Dkt. No. 55).  Plaintiff deposed only one of Defendant's five declarants, Candida Baez.

As an overarching matter of payroll practice, Defendant's uncontroverted evidence makes clear that time entries are handled at the departmental level by individual managers, not by the Payroll Department.  For example, Payroll Manager Kevin Oria testified:

> The payroll department is not responsible for authorizing or approving changes to punch data.  The individual managers in the several departments do that.  Our role is limited to communicating with the managers to request clarification or follow-up from the managers as need based upon our review.  In other words, we in Payroll do not change or fix the punch data we receive from the departments.

(Ex. H, ¶5) .

Plaintiffs chose not to depose Oria and offer no evidence to contradict his testimony his testimony.

In cases where an employee actually works outside their scheduled hours, the managers at the departmental level are responsible for making any required adjustment to ensure the

1

employee is paid for their time. One manager, Sherrie Ann Young, described her process as follows:

> In all cases where I see that an approval or an adjustment is required, I always discuss with the employee first. I have never denied approval where an employee explained a need to work beyond their scheduled hours. And I have never adjusted an employee's time entries to reduce their hours worked. I am not aware of any of my staff members complaining about being subjected to any such actions.

(Ex. K, ¶5).

Other managers testified similarly. (Ex. H, ¶5; Ex. I, 2; Ex. J, ¶2; Ex. K, ¶3; Ex. L, ¶6). And, in particular, Candida Baez specifically described her processes to that ensure employees in her department are paid for their actual time worked.

> As part of my payroll process, I send weekly follow-up texts to address any punches or missing punches that require an explanation. I send this message on Monday morning to all my line staff, whether it applies to them individually or not. So anyone to whom the reminder does apply is made aware that they must place comments on any punches requiring an explanation by noon that day. Then, at the end of the day, I send another text informing the staff that payroll is complete and directing them to review their approved time sheet in Paylocity.
>
> If a staff member fails to comment on a punch in time to make payroll for that week, but later gives me a comment that would require a retroactive adjustment, then I will go into the system, and make that adjustment authorizing a retroactive payment.
>
> I have never rejected an employee's explanation regarding a punch or a missing punch, not even in cases where I have suspected a theft of time. In one specific case, I suspected theft of time, investigated and proved it, and still approved the employee's pay for the time at issue—though I did escalate the issue to Human Resources for a counseling. In other words, I have never withheld time or pay in any case where an employee commented that they worked beyond their scheduled hours.

(Ex. L, ¶6-8).

Plaintiffs fail to identify any inconsistency between the declarations in Defendants' opposition papers and Baez's deposition testimony.

2

Thus, while it may be **_possible_** that Plaintiffs worked time for which they were not paid, Plaintiffs still are unable to point to any generalized policy or practice that causes such underpayments in a broad-based way. To the contrary, Defendants' declarants each describe how they work actively to verify that all hours worked are paid. Even if Plaintiffs had a different experience in their departments (which Defendant disputes), their experiences are their own. For all of the reasons set forth herein and in Defendants' moving papers, the Court should deny Plaintiffs' motion in its entirety, grant Defendants' their reasonable attorneys' fees and costs, and award such other and further relief as the Court deems proper and just.

Dated: July 5, 2022
      New York, New York

    Respectfully submitted,
    CLIFTON BUDD & DeMARIA, LLP
    Attorneys for Defendant

By: _____
    Arthur J. Robb
    The Empire State Building
    350 Fifth Avenue 61st Floor
    New York, New York 10118
    (212) 687-7410